*G. D. Robinson*, for Stone.

ISRAEL BURRILL *vs.* HENRY W. EDDY.

Worcester.     October 3, 1893. — November 29, 1893.

Present : FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Fellow Servant — Master and Servant — Action.*

Although the servants of different contractors, while engaged in working together on a building, are in a common employment, they are not fellow servants unless they have a common master.

TORT, for personal injuries occasioned to the plaintiff from the fall of a derrick belonging to the defendant, and being used in building.

At the trial in the Superior Court, before *Hopkins*, J., it appeared in evidence that a one story addition to a block already built upon Main Street in Worcester was being erected for the owner of the block in the rear thereof.  The defendant had taken the general contract for the erection and completion of the building, which was to be of brick, with many windows, one main floor, and a flat roof.  The defendant asked one Sexton, a master brick mason and contractor, to give him the figures for the brickwork, according to the specifications.  Sexton gave the defendant his price in gross for doing that work, and the offer was accepted.  There was no writing, but merely a verbal bid and a verbal acceptance.  Sexton sent masons and tenders with a foreman to do the brickwork.  The defendant, though a general contractor, was a carpenter, retaining the carpenter-work for his own men to perform, out of his carpenter-shop, and sent a gang of carpenters to the building to perform the carpenter-work.  The defendant's general foreman or superintendent was his foreman or superintendent of this job; but at the same time he was looking after other jobs, and was not continuously at the building.  When he was not there, one of the carpenters was foreman of the defendant's men.

The walls had gone up so far that the main floor was laid in the rough, and upon it stagings were erected and the brickwork was progressing, being laid on staging from the inside, " overhand," as it is called.  The gangs of men, that is, the masons and the carpenters, were carrying on their work at the same time, and it was testified to, without objection, that such was not only the usual course, but was necessary as the progress of the masonry and carpentry necessarily progressed together. There was a derrick owned by the defendant, known as a breast derrick, in the building, and by arrangements between the defendant and Sexton the masons used the derrick, moving it wherever it was wanted by them, from time to time, in the work of their gang.

The masons had used the derrick the day before the accident, and had left it in a corner of the building properly guyed.  On

the morning when the accident happened, the carpenters, having occasion to use the derrick, took it to move and began moving it. It fell, and the plaintiff, who was at his work on the brick wall, under the direction and control of Sexton, was injured.

The general foreman of the defendant, and Sexton, the contractor for the brickwork, testified, without objection, that if the brickwork in its progress was poorly done, or not done according to specifications, the defendant's foreman could direct it to be undone and done over. But there was no evidence that such authority was embraced in the verbal bid and acceptance aforesaid of Sexton and Eddy, or that there had been any subsequent agreement relative thereto.

The defendant asked the judge to rule: "1. On all the evidence in this case the plaintiff was a fellow servant of the carpenters who moved the derrick which occasioned the injury, and therefore the plaintiff cannot recover. 2. The fact that the plaintiff was in the immediate employment and under the immediate direction and pay of Sexton does not preclude the idea that the relation of master and servant may also exist between him and Eddy, the general contractor, if the jury finds, on the evidence, that Eddy retained the right to control and direct the work performed by the masons upon the building, and there is evidence in the case to warrant such finding. If such facts be found, then the plaintiff would be a fellow servant with the carpenters moving the derrick."

The judge refused so to rule, and ruled that upon the evidence, as matter of law, the person moving the derrick was the servant of the defendant, and the plaintiff was the servant of Sexton, and they were not fellow servants; and the defendant excepted.

The jury found for the plaintiff; and the defendant alleged exceptions.

*W. S. B. Hopkins & F. B. Smith*, for the defendant.

*G. S. Taft*, (*E. J. Melanefy* with him,) for the plaintiff.

LATHROP, J. This case is governed by *Morgan* v. *Smith*, 159 Mass. 570, decided since this case was argued.

*Exceptions overruled.*